STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

MEADOW DONUTS, INC.

VS.

KC06- 458

ANTONIO J. ANDRADE and
DIANA M. ANDRADE

# COMPLAINT

1. Plaintiff is a corporation organized and existing under the laws of the State of Rhode Island.

2. Defendants are residents of 1436 Kinsmere Drive, Trinity, Florida.

3. Defendants have the requisite minimum contacts with the State of Rhode Island to be subject of the jurisdiction of this Court.

5. The amount in dispute is sufficient to satisfy the jurisdiction requirements of this Court.

6. Plaintiff is seeking equitable relief which is only available in this Court.

7. Venue is proper in this county because the Defendants reside in this county.

## FACTS TO ALL COUNTS

8. On or about July 31, 2002, the parties executed a Promissory Note, a copy of which is attached hereto and marked as Exhibit 1.

9. The principal sum of the Promissory Note was $900,000. Interest on the Note was set at 8% per annum.

10. In or about March of 2005, the Plaintiff attempted to pay off the principal amount outstanding on the Promissory Note. In or about March of 2005, the Defendants refused to provide a payoff figure for the Promissory Note and insisted it could not be prepaid.

11. Plaintiff was ready, willing and able to pay the principal amount outstanding on the loan.

12. Defendants have refused, and continue to refuse, to provide the Plaintiff with the amount of principal outstanding on the Promissory Note and have refused, and continue to refuse, to acknowledge the Plaintiff has the right to pay the principal amount outstanding on this loan.

13. As a result of the Defendants' behavior, the Plaintiff has incurred damages, including attorney's fees and additional interest charges it has had to pay to the Defendants.

**COUNT I**
**BREACH OF CONTRACT**

14. The Plaintiff re-alleges the facts and allegations contained in all the preceding paragraphs and incorporate them into Count I.

15. The Promissory Note constitutes a contract between the parties.

16. Defendants' refusal to accept payment of the principal amount outstanding on the Note, and their insistence upon collecting additional interest on that principal amount, constitutes a breach of the contract between the parties.

**WHEREFORE**, Plaintiff hereby requests this Honorable Court

a. enter judgment in its favor in this matter;

b. enter judgment against Defendants in favor of the Plaintiff in an amount equal to the interest the Plaintiff has paid on this Note since March of 2005;

c. grant the Plaintiff such other relief as the Court may deem just and appropriate.

**COUNT II**
**DECLARATORY JUDGMENT ACTION**

17. This Count is brought under the RI Uniform Declaratory Judgment action.

18. A dispute has arisen among the parties to the Promissory Note regarding whether or not the Promissory Note can be paid in full during the amortization schedule alluded to in the Promissory Note.

19. The Promissory Note contains no pre-payment penalty.

20. The Promissory Note contains no provision prohibiting the payment of the principal amount at any time during the amortization schedule alluded to in the Note.

21. The Promissory Note specifically states the principal amount of the loan is $900,000.

**WHEREFORE**, Plaintiff hereby requests this Honorable Court

a. enter judgment in its favor in this matter;

b. declare the outstanding principal of the $900,000 Promissory Note may be paid at any time without penalty;

c. enter judgment in favor of the Plaintiff in an amount equal to all of the interest it has paid on the Promissory Note since March of 2005;

d. enter judgment awarding the Plaintiff its attorney's fees;

e. grant the Plaintiff such other relief as the Court may deem just and appropriate.

MEADOW DONUTS, INC.
By its attorney,

STEPHEN C. MACKIE, ESQ./1202
MACKIE & REILLY
681 Smith Street
Providence, RI 02908
(401)521-4100
(401)274-5433 (f)

**PROMISSORY NOTE**

$900,000.00

Providence, Rhode Island

July 31, 2002

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Antonio J. Andrade and Diana M. Andrade, ("Lender"), with offices at 26 Dearborn Drive, Riverside, RI, 02915 or at such other place as may be designated in writing by Lender, the principal sum of NINE HUNDRED THOUSAND AND 00/100 ($900,000.00) DOLLARS, together with monthly interest in arrears from the date hereof on the unpaid principal balances hereunder at the rate of eight (8%) percent per annum. Payments of principal and interest in the amount of TEN THOUSAND NINE HUNDRED NINETEEN AND 48/100 ( 10,919.48) DOLLARS shall be made monthly commencing on the First day of August, 2002 and continuing on the same day monthly until the First day of July 2012 when the entire outstanding principal balance plus accrued interest shall be paid in full. Interest shall be calculated on the basis of a three hundred sixty (360) day year counting the actual number of days elapsed.

Notwithstanding anything herein to the contrary, in no event shall the interest charged, reserved and/or taken on the loan evidenced hereby exceed the maximum allowed by applicable law, as determined by a final judgment without appeal of a court of competent jurisdiction. In the event such a judgment is rendered determining that such interest is in violation of applicable law, Lender's sole responsibility shall be to allocate such portion of said interest as was paid in violation of law in reduction of the principal balance hereunder.

RB

The Undersigned agree that the entire unpaid balance of this Note shall, at the option of the holder of this Note, immediately become due and payable if either: (a) any of the Undersigned: (i) files a voluntary petition in bankruptcy; or (ii) is adjudicated a bankrupt or insolvent; or (iii) files any petition or answer seeking or acquiescing in any

COPY

COPY

**EXHIBIT "1"**

reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief for itself under any law relating to bankruptcy, insolvency or other relief for debtors; or (iv) seeks or consents to or acquiesces in the appointment of any trustee, receiver, master or liquidator of itself or of all or any substantial part of the property securing the Note; or (v) makes any general assignment for the benefit of creditors; or (vi) makes an admission in writing of its inability to pay its debts generally as they become due; or (b) any proceeding is commenced against any of the Undersigned seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future Federal, State or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, which proceeding remains unvacated and unstayed for an aggregate of sixty (60) days (whether or not consecutive) from the date of commencement thereof, or where the relief sought therein is granted.

In the event of default in any payment under this Note when due , or in any of the terms or conditions of any other agreement between the parties hereto, after providing written notice to Meadow Donuts, Inc. of said default allowing Meadow Donuts Inc., twenty (20) days, then, then the entire indebtedness evidenced hereby shall, at the option of the holder hereof, be accelerated and shall become immediately due and payable, notice of the exercise of such option being hereby expressly waived.

Liability under this Note is joint and several.

The Undersigned agree to pay all reasonable costs of collection of any amounts due hereunder when incurred, including, without limitation, attorneys' fees and expenses. Such costs shall be added to the balance of principal and shall incur interest at the aforesaid rate to apply following default hereunder. EB

This Note shall be binding upon the Undersigned and the Undersigned's heirs, personal representative, successors and assigns.

This Note is delivered in and shall be construed under the laws of the Rhode Island.

This Note is secured by and is entitled to the benefits of a security agreement executed on even date herewith, and is subject to rights of setoff of the undersigned against Lender

(and vice versa) - such rights of setoff arise under a Purchase and Sale Agreement dated February 25, 2002 and the above noted security agreement. The rights Noted in this paragraph are mutual. The within Note will not be assigned, or in any way encumbered, without the prior written consent of Meadow Donuts, Inc.

IN WITNESS WHEREOF, the undersigned have caused this Note to be executed on the 3 / th day of July , 2002.

Witness

MEADOW DONUTS, INC.

BY: ______________ , Pres

Robert Batista, PRESIDENT

GUARANTY

The undersigned guarantees this Note.

Witness

Robert Batista - Individually