UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MEADOW DONUTS, INC.

CA 06 308

vs.

C.A. No. 06-______

ANTONIO J. ANDRADE AND
DIANA M. ANDRADE

ANSWER AND COUNTERCLAIM

Antonio J. Andrade and Diana M. Andrade (the Andrades) submit the following as their Answer to the Complaint of Meadow Donuts, Inc. (Meadow) in this action.

1. Admitted.

2. Denied. The Andrades now reside at 8848 Waterman Court, New Port Richey, Florida.

3. Admitted.

4. [Omitted in Complaint.]

5. Admitted.

6. Denied.

7. Denied.

8. The Andrades admit that Meadow and its guarantor executed the Promissory Note (Note) on July 31, 2002.

9. Admitted.

10. The Andrades admit that Meadow indicated a desire to prepay the Note. The Andrades admit further that they advised Meadow that it had no right to do so. The remaining allegations of paragraph 10 are denied.

11. The Andrades are without information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. The Andrades admit that they have refused to accept prepayment of the Note. The remaining allegations of paragraph 12 are denied.

13. Denied.

Count I – Breach of Contract

14. The Andrades incorporate by reference their responses to paragraphs 1 through 13, above.

15. Admitted.

16. Denied.

Count II – Declaratory Judgment

17. Admitted.

18. The Andrades admit that Meadow insists upon a right of prepayment despite the fact that neither the Note nor applicable law provide Meadow with such a right.

19. The Andrades admit that the Note contains neither a prepayment right nor a prepayment penalty.

20. Denied. The Note requires payment of principal and interest over a ten-year period, and it contains no right of prepayment.

21. Admitted.

WHEREFORE, the Andrades demand judgment denying and dismissing Meadow's claims, including its claim for declaratory relief, an award of attorneys' fees, costs, and such other relief as may be warranted by the circumstances.

## COUNTERCLAIM

Using the defined terms set forth in their Answer, the Andrades submit the following Counterclaim against Meadow in this case.

### Parties

1. The Andrades are individuals and residents of the State of Florida.

2. Meadow is a corporation organized and existing under the laws of the State of Rhode Island, maintaining its principal place of business in the City of Warwick, Rhode Island.

### Personal Jurisdiction

3. This Court has personal jurisdiction over Meadow because (a) it has initiated this action in Rhode Island, (b) it is a Rhode Island corporation, and (c) its principal place of business is within this State.

### Subject-Matter Jurisdiction

4. This Court has jurisdiction over the subject matter of this Counterclaim by reason of the provisions of 28 U.S.C. §1367 relating to the Court's supplemental jurisdiction.

### Venue

5. Venue is properly placed in this district by reason of the provisions of 28 U.S.C. §1391(b).

## Facts

6. On July 31, 2002, Meadow and its guarantor executed the Note giving rise to this action.

7. The Note contains this language:

> The Undersigned agree to pay all reasonable costs of collection of any amounts due hereunder when incurred, including, without limitation, attorneys' fees and expenses. Such costs shall be added to the balance of principal and shall incur interest at the aforesaid rate to apply following default hereunder.

8. The Andrades have been and continue to be required to incur "costs of collection" within the meaning of the Note, as they have opposed Meadow's efforts to avoid payment of the prospective interest mandated by the Note's terms.

9. There is no principled difference between the costs the Andrades have incurred in this regard and those they would have incurred had Meadow declined to pay all or some other portion of the Note for more conventional reasons, or for no reason.

10. Thus, the Andrades are entitled to an award of the reasonable costs, including attorneys' fees, that they have incurred to date, and will continue to incur, in opposing Meadow's prepayment efforts and defending the Note's clear terms.

WHEREFORE, the Andrades demand judgment, an award of compensatory

damages, interest on that award, the costs of suit, and such other and further relief as may be warranted.

ANTONIO J. ANDRADE AND
DIANA M. ANDRADE
By their attorney,

Anthony F. Muri, Esq. (539)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 421-7300 – Voice
(401) 421-7352 – Fax
afm@goldenberg-muri.com – E-Mail

CERTIFICATE OF SERVICE

I hereby certify that on the 10 day of July, 2006, a true copy of the within Answer and Counterclaim was sent by certified mail, return receipt requested, to:

Stephen C. Mackie, Esq.
Mackie & Reilly
681 Smith Street
Providence, RI 02908