UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MEADOW DONUTS, INC.

vs. C.A. No. 06-308-S

ANTONIO J. ANDRADE AND
DIANA M. ANDRADE

## DEFENDANTS' STATEMENT ENUMERATING ELEMENTS OF CLAIM

In accordance with the requirements of the Court's notice of pretrial conference dated August 9, 2006, defendants Antonio J. and Diana M. Andrade (the Andrades) submit the following statement enumerating the elements of their counterclaim (Counterclaim).

### I – Nature of the Counterclaim

The Counterclaim sets forth a contract-based claim for attorneys' fees and expenses grounded in the parties' promissory note (Note). Specifically, the Andrades base the Counterclaim on the following language appearing on the second page of the Note:

> The Undersigned agree to pay all reasonable costs of collection of any amounts due hereunder when incurred, including, without limitation, attorneys' fees and expenses. Such costs shall be added to the balance of principal and shall incur interest at the aforesaid rate to apply following default hereunder.

II – The Counterclaim and Plaintiff's Demand for Jury Trial

In its reply to the Counterclaim, plaintiff makes a demand for jury trial.[1] While it is clear that the right to jury trial in this Court is a matter of federal law, Simler v. Conner, 372 U.S. 221, 222 (1963); Gallagher v. Enterprises, Inc., 962 F.2d 120, 122 (1st Cir. 1992), the precise role of the jury in the adjudication of the Counterclaim is less clear.

A – Entitlement to Fees

In the absence of contract ambiguity on the point, it is the Court's responsibility to determine whether the Andrades have a right, i.e., an initial entitlement, to fees and expenses under the terms of the Note. See, e.g., Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co., 129 F.3d 143, 148 (D.C. Cir. 1997). It is equally clear that if the Court decides that the right to fees is fact-dependent, then the fact-finder—in this case the jury—will determine those facts. See, e.g., Id.; Pride Hyundai, Inc. v. Chrysler Fin. Co., Inc., 355 F. Supp. 2d 600, 605 (D.R.I. 2005) ("It was CFC's burden to prove its entitlement to attorneys' fees in this case. It submitted no evidence on this point at trial other than a copy of the Security Agreement and Master Credit Agreement.").

B – Assessment of Fees

Whether plaintiff has a right to a jury assessment of the appropriate amount of fees and expenses is a separate question. That right turns on whether the claim for fees is

[1] Plaintiff makes no demand for jury trial in its complaint.

an element of damages or the function of a fee-shifting agreement.[2] When the claim is an element of damages, it is submitted to the fact-finder. Liberty Mut. Ins. Co. v. Lumbermen's Mut. Ins. Co., No. 97-7241, 1999 U.S. App. LEXIS 2479, at *3-4 (D.C. Cir. January 20, 1999) ("When a plaintiff seeks attorneys' fees not pursuant to the fee-shifting provision of a contract but as an element of its compensatory damages, however, the issue is one for the jury."); Eureka Inv. Corp. v. Chicago Title Ins. Co., 743 F.2d 932, 942 (D.C. Cir. 1984) ("[I]n a private damages action, the court is not asked to set the attorney's fees. Rather, once a finding of liability for attorney's fees has been made, the role of the trier of fact is the same as in any other case involving a claim for expenses as consequential damages . . . ."). On the other hand, when the claim is grounded in a fee-shifting agreement of the parties, the assessment is performed by the court after the trial. F. R. Civ. P. 54(d)(2)(A) ("Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."); Eastern Trading Co. v. Refco, Inc., 229 F.3d 617, 626-27 (7th Cir. 2000) (no issue for the jury where customer agreement required payment of collection fees and expenses).[3]

[2] This Court has discussed the same dichotomy in slightly different terms:

> Attorneys' fees can be either an element of damages to be proven at trial or a collateral matter to be determined following adjudication of the relevant claims.

Pride Hyundai, 355 F. Supp. 2d at 602 (emphasis added).

[3] Some courts have ruled that fee assessment is, by its nature, best left to the trial judge. McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993) (". . . the amount of attorneys' fees owed presents equitable issues of accounting . . ."); L.S.S. Realty Corp. v. Vanchlor Catalysts, LLC, No. 04-197, 2005 U. S. Dist. LEXIS 4196, at *9-11 (E.D. Pa. March 16, 2005) (the amount of a fee award tests "the practical abilities and limitations of juries" (quoting Ross v. Bernhard, 396 U.S. 531, 538 (1970))); Quint v. A.E. Staley Mfg. Co., 245 F. Supp. 2d 162 (D. Me. 2003) ("[P]ost-adjudication reasonableness determinations sound in equity and lie beyond the scope of the Seventh Amendment.")

The rule is sometimes easier to state than it is to apply. Cases can involve contract rights that are susceptible of characterization either as elements of damages or as fee-shifting provisions. See, e.g., Rissman v. Rissman, 229 F.3d 586 (7th Cir. 2000) (district court improperly characterized a contract right to attorneys' fees as an element of damages); Interstate Brands Corp. v. Lily Transp. Corp., 256 F. Supp. 2d 58 (D. Mass. 2003). In Interstate, for example, a case in which fees were awarded by the jury under an indemnity agreement, the district court (Gertner, J.) made this observation:

> In any event, attorneys' fees in this case are not really an element of "damages" flowing from breach but rather an additional contractual right of recovery incident to that breach which vests when a party successfully takes action to enforce its rights. In that sense, this case is more analogous to the cases concerning statutory attorneys' fees provisions, which award fees incident to prevailing on the underlying claim.

Id. at 63.

The present case is of the same variety, i.e., the provision of the Note upon which the Andrades rely is most like a collateral, fee-shifting provision. The Andrades will be entitled to an assessment of fees if they prevail on the merits, but not if this Court rules for plaintiff. In this sense, the case resembles Eastern Trading Co., see supra at 3, where, although the right to fees was contract-based, it nonetheless was properly characterized as a fee-shifting provision. As Judge Posner noted, once the issue of entitlement was resolved, the amount of attorneys' fees was a matter for the Court's determination after the trial:

> The last issue concerns the attorneys' fees that the district court refused to award Refco, precipitating the cross-appeal. The court refused on the ground of waiver, the issue of attorneys' fees not having been specified in the pretrial

> order as an issue for trial. The refusal was error, because the issue of attorneys' fees was not a triable issue. The customer agreement obligated Eastern to reimburse Refco for the cost (including reasonable attorneys' fees) of collecting any unpaid debit in the account. There was no issue of entitlement to attorneys' fees to submit to the jury. Either Refco prevailed on its claim for the unpaid debit of $14 million and was therefore entitled to reasonable attorneys' fees, or Eastern prevailed and Refco therefore was entitled to no attorneys' fees. The issue of attorneys' fees (including amount) was therefore an issue to be resolved after the trial on the basis of the judgment entered at the trial, just as in cases in which statutory rather than contractual entitlements to attorneys' fees are involved.

Eastern Trading Co., 229 F.3d at 626-27 (citations omitted).

In defendants' view, any assessment of fees and expenses in this case is a post-trial issue for the Court.

III - Elements of Proof

However the issue is tried, the Andrades will be required to prove that (a) they incurred attorneys' fees and expenses as a consequence of Meadow's efforts to prepay the Note, and (b) the fees and expenses incurred were fair and reasonable within the meaning of Rhode Island law.

Under Rhode Island law, "what is fair and reasonable depends . . . on the facts and circumstances of each case." Palumbo v. U.S. Rubber Co., 229 A. 2d 620, 622 (R.I. 1967). The evaluation of any fee request must account for the factors set forth in Rule 1.5 of the Rhode Island Supreme Court's Rules of Professional Conduct, Colonial Plumbing & Heating Supply Co. v. Contemporary Constr. Co., Inc., 464 A.2d 741, 743 (R.I. 1983), which are as follows:

> Rule 1.5 Fees. (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness

of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Respectfully submitted,

ANTONIO J. ANDRADE AND
DIANA M. ANDRADE
By their attorneys,

Anthony F. Muri, Esq. (539)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 421-7300 – Voice
(401) 421-7352 – Fax
afm@goldenberg-muri.com

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2006, a true copy of the within Defendants' Statement Enumerating Elements of Claim was sent by first class mail, postage prepaid, to:

Stephen C. Mackie, Esq., and
John T. Longo, Esq.
Mackie & Reilly
681 Smith Street
Providence, Rhode Island 02903

Fatima F. Do Vale
Fatima F. Do Vale