UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Meadow Donuts,
Plaintiff,

vs. CA 06 308 S

Antonio J. Andrade and
Diana M. Andrade,
Defendants.

---

**Plaintiff's Pretrial Conference Statement Enumerating Elements of Its Claims**

Pursuant to the Court's Notice dated August 9, 2006, the Plaintiff submits the following statement enumerating the elements of the claims it asserted in its Complaint.

**Undisputed Facts**

In 2002, the Plaintiff bought the Defendants' business and executed a three page Promissory Note in favor of the Defendants. It is undisputed that the parties entered into a valid contract; the threshold issue to be decided in this case is one of contract interpretation.

In its Declaratory Judgment claim the Plaintiff asserts it has the right to pay the outstanding balance owed under Note at any time without being responsible for any further interest payments. If the Court agrees, the Plaintiff then asserts in its breach of contract claim that it is entitled to damages equal to the amount of interest it has paid on the principal since it offered to pay the outstanding balance.

The Defendants contend the Plaintiff must pay the principal and interest calculated in the Note and that the Plaintiff does not have the right to "prepay" the Note.

**Entitlement To Declaratory Judgment**

To be entitled to a declaration of its rights under the Promissory Note, the Plaintiff asserts the Rhode Island Declaratory Judgment statute requires the following elements be satisfied:

- The Promissory Note must be a "written contract;"
- Meadow Donuts must be "interested" in the "written contract;" and
- Meadow Donuts' rights, status, or other legal relations must be affected by the "written contract."[1]

**Elements of Declaratory Judgment Claim**

The Plaintiff will argue that the interpretation of Promissory Note (contract) is a question of law to be determined by the Court.[2]

The Plaintiff will argue that the Court must read the Promissory Note ". . . in its entirety, assigning to its terms their plain and ordinary meanings . . . "[3] and conclude the Plaintiff may pay the outstanding balance owed under Note at any time without being responsible for any further interest payments.

[1] RIGL § 9-30-2, *See also* Robinson v Mayo, 849 A2d 351, (RI 2003) *citing* Mendez v. Brites, No. 2001-230-A., slip op. at 3 n.2 (R.I., filed June 4, 2004).

[2] Dubis v. East Greenwich Fire District, 754 A.2d 98, 100 (R.I. 2000)

[3] The Elena Carcieri Trust- 1988 v. Enterprise Rent-A-Car Co., 871 A.2d 944, 947 (R.I. 2005)

**Elements of Breach of Contract Claim**

If the Court agrees the Plaintiff may pay the outstanding balance owed under the Note at any time without being responsible for any further interest payments, the Plaintiff must satisfy the following requirements to prevail on their claim for breach of contract damages:

- The Plaintiff offered to pay the outstanding balance on the Promissory Note.
- The Plaintiff was ready, willing and able to pay the outstanding balance when it offered to.
- The Defendants refused to allow the Plaintiff to pay the outstanding balance on the Promissory Note.
- The Defendants' refusal to allow the Plaintiff to pay the outstanding balance was a breach of the contract between the parties.
- The Plaintiff was damaged by the Defendant's breach of the contract.
- The Plaintiff's damages were the additional interest it paid the Defendants since it offered to pay.[4]

Meadow Donuts,
By its Attorneys,

/s/ John T. Longo

John T. Longo, Esq./#4928
Stephen C. Mackie
Mackie & Reilly
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

[4] *See* Rendine v. Catoia, 52 R.I. 140, 142, 158 A. 712, 713 (1932) for a discussion of the Plaintiff's need to establish its damages in breach of contract.

**Certification**

I certify that on 8/27/06, a) this document was filed with the Court electronically and is available for viewing and downloading using the ECF system, and b) that it was served on the following via e-mail and first class mail:

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Weybosset Street
Providence, RI 02903
afm@goldenberg-muri.com

/s/ John T. Longo

John T. Longo